# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7613 | **DATE** | 7/15/10 |
| **CASE TITLE** | Ruben Zarate (R-61821) v. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to dismiss [13] is denied. The Defendant shall answer the complaint or otherwise plead within 30 days of the date of this order.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Ruben Zarate (R-61821), an inmate at the Centralia Correctional Center, filed this 42 U.S.C. § 1983 action against Chicago Police Officer James Laska. Plaintiff alleged that excessive force was used during his arrest. Defendant Laska filed a motion to dismiss the complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff has responded to the motion, and Defendant has replied. For the following reasons, the motion is denied.

In *Heck*, 512 U.S. at 486, the Supreme Court held that a plaintiff in a § 1983 action may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon. This rule is intended to prevent a collateral attack on a criminal conviction through a civil rights suit. *Hardrick v. City of Bolingbrook* 522 F.3d 758, 761-62 (7th Cir. 2008). *Heck*'s bar, however, does not prevent a civil rights claim of excessive force associated with the arrest. *Id.* (even a person convicted of resisting arrest is not precluded from bringing a § 1983 action "for excessive force stemming from the same confrontation, . . . so long as the § 1983 case does not undermine the validity of the criminal conviction"). To properly apply *Heck*', a district court must analyze the relationship between the plaintiff's § 1983 claim and the charge on which he was convicted. *VanGilder v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006).

In the instant case, Plaintiff pleaded guilty to attempted armed robbery. The factual basis for the plea, which is attached to Defendant's motion, states the following. Plaintiff approached the victim as the victim was going to his place of business. Wearing a mask, Plaintiff stuck a handgun in the victim's back, demanded money, and forced the victim into the business establishment to locate a safe. Upon encountering another employee, Plaintiff demanded money from him. Plaintiff then left his cell phone and instructed for the victims to call him when their boss arrived so that Plaintiff could get the "big money." After Plaintiff left, the victims called 911, "and the police set up a sting. The Defendant was arrested when he returned to the location with a gun." (R. 13, Mot. to Dismiss, Exh. C.)
**(CONTINUED)**

isk

## STATEMENT

Plaintiff alleges in his complaint that he received a phone call stating that he could "come and collect the negotiated money from my manager." (Complaint at 5.) Plaintiff states that he went to the business location not realizing that Chicago officers had set him up "on a sting operation." (*Id.* at 6.) When he arrived, he heard whispering from behind the door. Plaintiff opened the door halfway and heard someone exclaim something from inside. Officers then began shooting at Plaintiff. "Plaintiff tried running away . . . but Officer Laska with the help of three assistant officers . . . fired more rounds of bullets," one of which struck him in the back. (*Id.*) Plaintiff fell to the ground, and before officers called for medical assistance, they "used unnecessary excessive force by kicking and pressuring their knees and elbows on the back of Plaintiff's gunshot wounds." (*Id.* at 7.) Plaintiff then sought a police investigation about the "unlawful" shooting. (*Id.* at 7-10.)

Although Plaintiff's complaint does not indicate that he was engaging in a robbery when the shooting began, the complaint's allegations do not dispute that he pleaded guilty to such an offense. Defendant points to Plaintiff's description of the arrest as a sting set up. However, the phrase "sting operation" was part of the factual basis to which Plaintiff pleaded guilty, (R. 13, Exh. C), and neither Plaintiff's use of the phrase nor his allegations negate his attempted armed robbery counts of conviction.

It appears clear from the complaint that Plaintiff is alleging that he was shot unnecessarily and that officers used excessive force after the shooting by kicking him and pressing their knees in the area of his back where he had been shot. A successful challenge by Plaintiff to the force used during and after the arrest would not call into question whether he committed or was committing armed robbery. *Heck* does not bar Plaintiff's claims. *See VanGilder*, 435 F.3d at 692. Defendant's motion to dismiss is denied and he is directed to file an answer or other response to the complaint within 30 days of the date of this order.