# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7613 | **DATE** | 5/20/2011 |
| **CASE TITLE** | Ruben Zarate vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Defendants, James Laska, Brian Storrie, Matthew Graf, Mark Higgs, J. Cloherty, Thomas Motzny, Steven Masters and Dan Miecszcak move to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) on the basis that the statute of limitations bars the addition of the named defendants. [83] For the reasons that follow the motion is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

### Background

On March 24, 2008, plaintiff, Ruben Zarate, alleges that he received a call on his cell phone from an acquaintance telling him to go to 2604 N. Laramie Street in Chicago, Illinois, to pick up an agreed upon amount of money. When plaintiff arrived at that location he heard whispering on the other side of the door before he entered. Plaintiff alleges that he was not aware that he was the target of a sting operation by the Chicago Police Department. Plaintiff specifically alleges that when he opened the door police opened fire and he was shot in the back with a bullet fired by defendant Officer Laska. Plaintiff further alleges that he fell to the ground after he was shot and approximately three police officers rushed him pushing their knees and elbows into his back and neck. Plaintiff was transported to Advocate Illinois Masonic Hospital for medical treatment for his injuries, including multiple fractures of the lumbar spine and injury to his cervical spine, internal injuries to his stomach, small bowel, duodenum, liver and surrounding soft tissue. Plaintiff underwent surgery to remove the bullet and repair his internal injuries. Plaintiff is has been incarcerated since March 24, 2008.

### Legal Standard

In order to survive dismissal pursuant to Rule 12(b)(6) a plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'" Atkins v. City of Chicago, 631 F.3d 823, 832 (7th Cir. 2011); (quoting In re marchFIRST Inc., 589 F.3d 901, 905 (7th Cir. 2009)). When deciding to dismiss a complaint, the Court accepts all well-pleaded allegations as true (Twombly, 550 U.S. 544, 59 (2007)), and draws all reasonable inferences in favor of the pleader. Pisciotta v. Old Nat. Bancorp, 499 F.3d 629, 633 (7th Cir. 2007).

### Discussion

On February 8, 2011, after this Court appointed counsel, plaintiff filed his Second Amended Complaint naming additional defendants: Brian Storrie, Matthew Graf, Mark Higgs, J. Cloherty, Thomas Motzny, Steven

Masters, and Dan Miecszcak. Defendants assert that plaintiff's Second Amended Complaint fails to state a claim for relief because any claim against the newly added defendants is barred by the statute of limitations. Plaintiff concedes that the statute of limitations technically has expired as to the added defendants on March 24, 2010. However, plaintiff argues that this Court should allow the complaint to proceed by equitably tolling the statute of limitations. Plaintiff voluntarily dismissed defendants Cloherty, Motzny, Masters, Kosmyna, and Miecszcak. (Dkt. 100.) This Court therefore considers defendants' motion to dismiss only as it relates to defendants Storrie, Graf, and Higgs.

Since plaintiff concedes that the statute of limitations has expired and does not argue that the added defendants relate back to the original complaint, this Court will address whether to toll the statute of limitations. The doctrine of equitable tolling is applicable where the plaintiff knows he has been injured but is unable to obtain evidence necessary to determine who may be liable for his injury. Billman v. Indiana Dep't of Corrections, 56 F.3d 785, 789 (7th Cir. 1995). The plaintiff is permitted to sue after the statute of limitations has expired "if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." Singletary v. Continental Illinois Nat'l Bank and Trust Co. of Chicago, 9 F.3d 1236, 1241 (7 th Cir. 1993).

In Donald v. Cook County Sheriff's Dep't, 95 F. 3d 548 (7th Cir. 1996), a *pro se* prisoner sought to sue various members of the Cook County Sheriff's Department in a complaint filed three weeks prior to the expiration of the statute of limitations. The district court dismissed the complaint for failing to state a claim because Donald had not named any individual sheriffs allegedly responsible for the violation of his civil rights. Id. at 553. In that case, the Seventh Circuit suggested that equitable tolling might be applicable and directed the district court to consider the application of the doctrine on remand. Id. at 562. The court considered that Donald was unrepresented and incarcerated and therefore was unable to identify the officers directly involved in the incidents leading up to his heart attack without the aid of discovery or court-ordered disclosure of their identities. Id. The court also noted the district court's delay in considering and its eventual denial of Donald's motion to appoint counsel. Id.

It is the "well-established duty of the trial court to ensure that the claims of a pro se litigant are given a fair and meaningful consideration." Palmer v. City of Decatur, 814 F.2d 426, 428-29 (7th Cir. 1987). It is with that consideration in mind that this Court finds the doctrine of equitable tolling applicable in the instant case. Here, plaintiff suffered serious injuries and has presented evidence that he tried to investigate his situation prior to filing the complaint by writing to the Independent Police Review Board on February 24, 2009, and to the Clerk of the Circuit Court of Cook County on September 1, 2009, attempting to obtain transcripts of his criminal trial. Plaintiff filed his original complaint on December 8, 2009, four months before the expiration of the statute of limitations naming the City of Chicago, the Chicago Police Department, Officer James Laska, and "Doe" defendant police officers. (Dkt. 1.) At that time, plaintiff also filed an *in forma pauperis* petition and a motion to appoint counsel. (Dkt. 3, 4.) Although he was given leave to proceed in forma pauperis, the court denied his motion to appoint counsel and ordered that no summons would issue for the "doe" defendants until their identity was ascertained. (Dkt. 5.) On May 4, 2010, plaintiff filed a second motion requesting appointment of counsel and a separate motion requesting defendants produce the names of the unknown officers. (Dkt. 16, 17.) On May 14, 2010, the court construed plaintiff's motion for production of the names of the unknown officers as a motion to compel and denied it as premature. (Dkt. 19.) On May 20, 2010, plaintiff sent a document titled "Discovery Motion" to defense counsel and the Clerk's Office, which was stamped "returned" on May 26, 2010. (Dkt. 88-1.) On September 7, 2010, the case was reassigned to this Court's calendar. In September 2010, counsel for defendant Laska identified Officers Laska, Storrie, Graf, Higgs, and Cloherty as having been present at the incident at issue. In response to an FOIA request, plaintiff learned the names of Officers Motzny, Masters, Kosmyna, and Miecszcak. Plaintiff sent an amended complaint naming these officers on November 4, 2010.

| STATEMENT |
|---|
| (Dkt. 57.)  Counsel was appointed on November 8, 2010, and then new counsel had to be appointed on December 9, 2010.  This Court therefore finds that plaintiff diligently sought to identify the unnamed officers while incarcerated and acting *pro se*.  Accordingly, defendants' motion to dismiss is denied. |